IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Michael Scott Hill,          )
    Petitioner,        )
                 )
v.                  )        1:15cv810 (CMH/MSN)
                 )
Harold Clarke,          )
    Respondent.      )

F I L E D
FEB 2 2 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

<u>MEMORANDUM OPINION</u>

    Michael Scott Hill, a Virginia inmate proceeding <u>pro se,</u> has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of four felony offenses in the Circuit Court of the City of Portsmouth.  On August 13, 2015, respondent filed a Motion to Dismiss and a Rule 5 Answer, along with a supporting brief and exhibits.  Petitioner was given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison,</u> 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he filed his opposition to the Motion to Dismiss on September 9, 2015. Accordingly, the matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

**I. Background**

    On January 13, 2011, petitioner was found guilty of aggravated malicious wounding, malicious wounding, and two counts of use of a firearm in the commission of a felony.  Case Nos. CR09-1784-01 through -04. He received a sentence of fifty-eight years in prison with thirty-eight years suspended.  Resp. Ex. A.  In an opinion denying petitioner's subsequent petition for

1

direct appeal, a judge of the Virginia Court of Appeals described the facts underlying the

convictions as follow:

> On January 28, 1997, appellant pulled into the driveway of the home where brothers Danny and Curtis Hare lived. The two brothers had previously worked on appellant's car. When appellant drove up at approximately 8:00 p.m., Danny was beside the house on his way to the backyard to work on a friend's vehicle. Appellant exited his vehicle and approached Danny. At approximately the same time as appellant drew within arm's length distance of Danny, Curtis, a/k/a 'Lamont,' exited the [illegible].
>
> Waving his hand, appellant looked at Curtis and said, 'All right. I want to know who the 'F' broke in my car. It had to be you, Lamont.' When Danny turned to look at appellant, he saw appellant had guns in both hands. One of the guns was a 'chrome' automatic, while the second one was a 'larger' gray gun.
>
> Appellant immediately fired at Danny, shooting him in the neck and severing his spinal cord. Curtis cried out, 'No,' and appellant fired twice more at Curtis, with one bullet striking Curtis in the foot. Following the shooting, appellant fled the scene. Three bullet casings were recovered from the scene. Two were located close to each other near the rear entrance to the house, and a third was found at the side of the house.
>
> Curtis recovered fully from his foot wound, but Danny's injuries left him hospitalized for several months and suffering from permanent, partial paralysis. Both Danny and Curtis identified appellant as the shooter. Danny stated he 'looked right at' appellant immediately prior to the shooting and recognized his face. Danny also testified he recognized appellant's voice.

Hill v. Commonwealth, R. No. 0743-11-1 (Va. Ct. App. Aug. 4, 2011); Resp. Ex. B.[1]  On

October 18, 2011, a three-judge panel agreed that the petition for appeal should be denied. Id.

Petitioner did not immediately pursue a further appeal by the Supreme Court of Virginia.

---

[1] Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

However, he subsequently was granted a belated appeal, and the petition for appeal was refused

on June 19, 2013. Hill v. Commonwealth, R. No. 130365 (Va. June 19, 2013); Resp. Ex. D.

On June 19, 2014, petitioner filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, raising the following claims:

1.   Trial counsel was ineffective because he failed to perfect a direct appeal in the Virginia Supreme Court.

2.   Trial counsel was ineffective because he failed to conduct pretrial investigation or to interview prosecution witnesses prior to trial.

3.   Trial counsel was ineffective because he failed to conduct an investigation concerning the indictment;

4.   Trial counsel was ineffective because he obtained a stipulation from the Commonwealth regarding certain evidence;

5.   Trial counsel was ineffective because he failed to request discovery from the Commonwealth;

6.   Trial counsel was ineffective because he failed to subpoena David Freeman and the victims' mother to testify at trial;

7.   Trial counsel was ineffective because he failed to conduct adequate investigation, which would have revealed Walter Booker's criminal history;

8.   Trial counsel was ineffective because he failed to follow up on notes he wrote during the cross-examination of Danny Hare;

9.   Trial counsel was ineffective because he failed to request a suppression hearing;

10.  The Commonwealth's Attorney committed prosecutorial misconduct by withholding police offense reports; and

3

11. Trial counsel was ineffective because he failed to subpoena the trial testimony of other officers mentioned in the police re4por.

Resp. Ex. E. The Virginia Supreme Court denied the petition on March 13, 2015. Hill v. Clarke, R. No. 140996 (Va. Mar. 13, 2015); Resp. Ex. F.

Petitioner next turned to the federal forum and timely filed the instant application for relief pursuant to 28 U.S.C. § 2254 on June 16, 2015. In it, he makes the following claims:

1. Trial counsel provided ineffective assistance by failing to investigate the circumstances surrounding the dismissal of a previous indictment for the same offenses.

2. The prosecutor withheld exculpatory evidence, in particular several witness statements.

3. Trial counsel provided ineffective assistance by:

   a. failing to investigate or subpoena two individuals who were at the scene of the shootings, Walter Booker and David Freeman, who would have provided exculpatory testimony;

   b. failing to request exculpatory evidence during discovery, in particular witness statements from Walter Booker and David Freeman; and

   c. failing to subpoena the trial testimony of police officers mentioned in the police report.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose

4

v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). A federal habeas claim is exhausted only when both the same legal argument and the same supporting facts previously were presented to and ruled on by the highest state court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion is satisfied only where the "essential legal theories and factual allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

Here, petitioner presented claim 1, the portion of claim 3(a) relating to David Freeman, and the portion of claim 3(b) pertaining to discovery to the Supreme Court of Virginia in his state habeas proceeding. Therefore, the exhaustion requirement has been satisfied as to those arguments, and they are ripe for adjudication on the merits.

The remainder of petitioner's claims are simultaneously unexhausted and defaulted from federal review. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law

ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted

claim." Id. (quoting Gray, 518 U.S. at 162). Therefore, such a claim is deemed to be

simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v.

Thompson, 915 F.2d 932 (4th Cir. 1990).

In his present claim 2, petitioner argues that the requirements of Brady v. Maryland, 373

U.S. 83 (1963) were violated when the prosecutor failed to provide the defense with witness

statements from Freeman and Booker. In the state habeas proceeding, on the other hand,

petitioner alleged a Brady violation based on the Commonwealth's asserted failure to turn over

police reports. Resp. Ex. E at 17; Ex. F at 8. Since the factual predicate of petitioner's current

claim was not presented to the Virginia Supreme Court, claim 2 is not exhausted. Harless, 459

U.S. at 6-7.

Similarly, the portion of claim 3(a) where petitioner argues that trial counsel should have

subpoenaed Walter Booker to testify at trial was never presented to the Virginia Supreme Court.

In the state habeas proceeding, petitioner faulted counsel for failing to discover Booker's

criminal background. Resp. Ex. E at 15; Ex. F at 5-6. Consequently, as the factual predicates of

the two claims are different, the federal claim is unexhausted. Harless, 459 U.S. at 6-7.

In claim 3(b) of the instant federal petition, Hill argues that trial counsel provided

ineffective assistance by failing to discover witness statements. In the Virginia Supreme Court,

petitioner argued only in general terms that counsel failed to seek exculpatory material; he did

not specify any particular pieces of evidence that he believed counsel should have sought, as he

does here. Resp. Ex. E at 13; Ex. F at 4-5. Therefore, the factual predicate of petitioner's current

allegation of ineffective assistance was not presented to the Virginia court, and the claim that

6

counsel rendered ineffective assistance by failing to seek specific witness statements from Freeman and Booker is not exhausted. Harless, 459 U.S. at 6-7.

Lastly, in claim 3(c) petitioner contends that counsel should have subpoenaed all of the officers mentioned in the police report to testify at trial. This claim was not raised in petitioner's state habeas application. To be sure, at page 18 of the state petition, petitioner included a single sentence that "there was [sic] other officers included in this report and on the same petitioner had a right to face accuse and cross accuse." This glancing reference did not adequately state a claim for purposes of federal exhaustion. "The exhaustion requirement demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely.'" Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). The Supreme Court of Virginia did not perceive this sentence to have stated a separate claim for relief, as there is no mention or adjudication of such a claim in its opinion denying state habeas relief. Resp. Ex. F. Under these circumstances, claim 3(c) of this petition is not exhausted. Harless, 459 U.S. at 6-7.

Although petitioner did not properly present the foregoing claims to the Supreme Court of Virginia, they nonetheless are treated as exhausted because the petitioner is now precluded from raising them in state court. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.") Specifically, petitioner's claims are procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas applications. The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-

654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), the unexhausted claims of this petition (i.e., claims 2, portions of 3(a) and 3(b), and claim 3(c)) are procedurally defaulted from federal consideration. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In response to the Roseboro notice, petitioner in his Opposition argues that the default of the foregoing claims should be excused because he is actually innocent of the offenses of which he was convicted, Dkt. 13 at 2, and because the defaults were caused by ineffective assistance of counsel. Id. at 7. Neither argument is persuasive. Petitioner's unexplained and unsupported reliance on the actual innocence exception is plainly insufficient. In the context of procedural default of federal habeas claims, a gateway claim of actual innocence requires a petitioner to

8

show "new <u>reliable</u> evidence - whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence - that was not presented at trial." <u>Schulp v.

Delo,</u> 513 U.S. 298, 324 (1995) (emphasis added). Petitioner here has failed to do so, and no

fundamental miscarriage of justice will occur as the result of the procedural defaults at issue.

Petitioner's reliance on ineffective assistance of counsel to overcome his procedural

defaults fares no better. In <u>Martinez v. Ryan,</u> ___ U.S. ___, 132 S.Ct. 1309 (2012) the Supreme

Court:

> ... held that a federal habeas petitioner who seeks to raise an
> otherwise procedurally defaulted claim of ineffective-assistance-of-
> trial-counsel before the federal court may do so only if: (1) the
> ineffective-assistance-of-trial-counsel claim is a substantial one; (2)
> the 'cause' for default 'consist[s] of there being no counsel or only
> ineffective counsel during the state collateral review proceeding'; (3)
> 'the state collateral review proceeding was the initial review
> proceeding in respect to the ineffective-assistance-of-trial-counsel
> claim'; and (4) state law requires 'requires that an ineffective-
> assistance-of-trial-counsel claim be raised in an initial-review
> collateral proceeding.

<u>Fowler v. Joyner,</u> 753 F.3d 446, 461 (4th Cir. 2014), quoting <u>Trevino v. Thaler,</u> 569 U.S. at ___,

133 S. Ct. 1911, 1918 (2013). The Fourth Circuit has interpreted <u>Martinez</u> as creating a "narrow

exception" to the general rule of <u>Coleman, supra,</u> which bars federal review of a claim that was

not exhausted in the state courts. <u>Fowler,</u> 753 F.3d at 460-61. For the reasons which follow,

petitioner's reliance on the "narrow exception" of <u>Martinez</u> is unavailing as to all of his defaulted

ineffective-assistance-of-trial-counsel claims, because in each instance, the allegations petitioner

presents are not sufficiently "substantial" to come within the "narrow exception" created by

<u>Martinez.</u>  As the Court in that case stressed, "To overcome the default, a prisoner must also

demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one,

which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132

S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims are "substantial."

Fowler, 753 F.3d at 461. Petitioner here fails to make such a showing.

    To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's

performance was deficient" and (2) "the deficient performance prejudiced the defendant."

Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was

deficient, a petitioner must show that "counsel's representation fell below an objective standard

of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all

the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a

determination "must be highly deferential," with a "strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v.

Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in

scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that

challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice

prong, a "defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466

U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the

petitioner to establish not merely that counsel's errors created the possibility of prejudice, but

rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with

errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations

10

omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In the defaulted portion of claim 3(a), Petitioner argues that trial counsel was ineffective for failing to subpoena Walter Booker to testify.[2]  However, petitioner has failed to proffer an affidavit from Booker to establish what testimony he would have offered had he been subpoenaed.  Both Virginia and federal courts recognize the principle that failure to provide an affidavit to verify the testimony of a missing witness is fatal to a habeas petitioner's claim of ineffective assistance. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie); Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims).  Accordingly, the defaulted portion of claim 3(a) is not substantial, and Martinez does not apply to excuse its default.

In the defaulted portion of claim 3(b), Petitioner contends that counsel was ineffective for failing to obtain through discovery the witness statements of Booker and Freeman.  However, in

---

[2]The Martinez exception is not applicable to petitioner's default of claim 2, where he argues that the prosecutor committed a Brady violation by withholding exculpatory evidence in the form of witness statements.

11

Virginia a defendant does not have a general constitutional right to discovery. Goins v. Commonwealth, 251 Va. 442, 456, 470 S.E.2d 114, 124 (1996). Rather, criminal defendants in Virginia are entitled to receive only items enumerated in Rule 3A:11 and exculpatory evidence as defined by Brady; the Commonwealth is not required to turn over witness statements. The witness statements of Freeman and Booker did not constitute Brady material because the police report and police narrative provided in discovery indicated that both men were at the scene of the crimes and were interviewed by the police. Resp. Ex. G. Defense counsel thus was free to investigate these individuals; in fact, petitioner himself states that counsel did interview Booker. Pet. at 28-29. There can be no Brady violation if the evidence is available to the defense from other sources, including diligent investigation. Hoke v. Netherland, 92 F.3d 1350, 1355 (4th Cir. 1996). Thus, the defaulted portion of claim 3(b) is not a substantial claim, and Martinez does not apply to excuse its default.

Lastly, in claim 3(c), petitioner argues that counsel provided ineffective assistance by failing to subpoena the trial testimony of every police officer mentioned in the police report, but he fails to proffer the nature of the testimony they would have offered. As with claim 3(a) above, this failure is fatal to the claim. Bassette, 915 F.2d at 941. Thus, claim 3(c) is not substantial and Martinez does not apply to excuse its default.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

12

"contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In all of his federally-cognizable claims, petitioner argues that he received ineffective assistance of counsel for various reasons. In his first claim, petitioner asserts that he received ineffective assistance of counsel because his lawyer failed to investigate the circumstances surrounding the dismissal of a previous indictment for two of the same offenses of which petitioner now stands convicted. When petitioner made this same argument in his state habeas corpus proceeding, the Supreme Court of Virginia rejected it on the following holding:

> In another portion of claim (A), petitioner contends he was denied the effective assistance of counsel because counsel failed to investigate the circumstances surrounding the dismissal of indictments against him for malicious wounding and use of a firearm. Petitioner alleges he was reindicted and tried for these crimes while his prior

13

indictments were still pending.

> The Court holds that this portion of claim (A) fails to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, petitioner's 1997 indictments, and the order dismissing the prior indictments, demonstrates that petitioner was initially indicted for shooting Curtis Hare in 1997. Petitioner subsequently absconded to Georgia, where he lived under an assumed name for several years. When he returned to Virginia, new indictments were issued for the shooting of Curtis Hare and his brother, Danny. After petitioner was tried and convicted on the new indictments, the prior indictments were dismissed. The record, including the trial transcript, further demonstrates that counsel mistakenly believed the prior indictments had been dismissed prior to petitioner's trial. Petitioner fails to articulate any prejudice stemming from counsel's failure to investigate his prior indictments. Thus, petitioner has failed to demonstrate that, but for counsel's alleged errors, the result of the proceeding would have been different.

Resp. Ex. F, Hill v. Clarke at 3.

The foregoing holding was both factually reasonable and in accord with applicable federal principles. First, the record reflects that the convictions at issue here were entered on October 20, 2010. Resp. Ex. A. The order of dismissal petitioner believes counsel should have investigated was not entered until December 14, 2011, over a year later. Thus, at the time of trial no dismissal order existed for counsel to investigate. Moreover, after petitioner's convictions were entered on the second set of indictments, dismissal of the untried 1997 indictments was clearly appropriate, and any objection at that point by counsel would have been frivolous. Cf. Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005) (counsel is not required to file frivolous motions).[3]

---

[3]Petitioner is mistaken when he states that the first set of indictments was dismissed "with prejudice" in 2006. A hearing occurred in 206, but no order was entered at that time, so both sets of indictments remained pending at the time of trial.

14

In addition, it must be noted here, as it was by the Virginia Supreme Court, that the duplication of the two charges stemmed from petitioner's own action of changing his name and absconding to Georgia after the first indictments were issued. Resp. Ex. H, Tr. 10/20/10 at 120. Indeed, the last order entered in the dismissed case was a bench warrant issued for petitioner after he failed to appear in court. Resp. Ex. I.  When petitioner eventually returned to Virginia he was again indicted by a grand jury which was unaware of the existing indictments. Had trial counsel realized the situation and brought it to the attention of the court sooner, the same result would have occurred: one set of indictments would have been dismissed, and petitioner would have been tried on the other.  Under such circumstances petitioner cannot establish prejudice, as he cannot show that but for counsel's alleged error the outcome of the proceedings would have been different.  Therefore, the state court's rejection of claim 1 was both factually reasonable and in accord with Strickland, supra, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim 3(a), petitioner argues that counsel rendered ineffective assistance by failing to investigate or subpoena David Freeman.  The Supreme Court of Virginia found no merit to this argument, holding that it

> ...satisfied neither the 'performance' nor the 'prejudice' prong pf he two-part test enunciate in Strickland.  Petitioner fails to proffer what testimony [Freeman] would have given or to articulate how such testimony would have been helpful to his case.  Thus, Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Resp. Ex. F, Hill v. Clarke at 5.

The foregoing determination was both factually reasonable and in accord with applicable

federal principles.  Federal law recognizes that "strategic choices made [by counsel] after

thorough investigation ... are virtually unchallengeable." Gray v. Branker, 529 F.3d 220, 229 (4th

Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91.  In particular,

decisions concerning the calling of witnesses are matters of strategy left to the attorney, and

ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th

Cir. 1977).   In addition, as the Virginia Supreme Court found in the foregoing order, both

Virginia and federal courts recognize the principle that failure to provide an affidavit to verify the

testimony of a missing witness is fatal to a habeas petitioner's claim of ineffective assistance. See

Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the

absence of particulars as to what an adequate investigation would have revealed or a proffer of

what absent witnesses would have said, a claim of ineffective assistance based on general

assertions that additional witnesses should have been called will not lie);   Muhammad v.

Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding

testimony witness would have offered is fatal to Strickland claims).  The denial of relief on claim

3(a) is in accord with these principles, and the state courts' determination must be allowed to

stand.  Williams, 529 U.S. at  412-13.

In claim 3(b), petitioner charges counsel with failing to request exculpatory evidence

from the Commonwealth during discovery.  The Virginia Supreme Court rejected this assertion

on the following holding:

> The Court holds that this portion of claim (C) satisfies neither the
> 'performance' nor the 'prejudice' prong of the two-part test
> enunciated in Strickland.  The record, including the motion for
> discovery, the order granting discovery, and the Commonwealth's
> response to the discovery order, demonstrates that counsel asked for

> and received discovery from the Commonwealth. Petitioner fails to
> identify any evidence that counsel should have but failed to review or
> to articulate how that failure affected the outcome of his case. Thus,
> petitioner has failed to demonstrate that, but for counsel's alleged
> errors, the result of the proceeding would have been different.

Resp. Ex. F, Hill v. Clarke at 4-5.

The foregoing holding was not contrary to nor an unreasonable application of federal

precedent, nor does it rest on an unreasonable interpretation of the facts. As the Court essentially

found, counsel in this case did exactly what petitioner now accuses him of failing to do: he filed a

Motion for Discovery, which was granted, Resp. Ex. J, and the order granting the motion

contained an express provision for exculpatory evidence. Id., Order ¶6. The holding that these

actions did not amount to ineffective assistance must not be disturbed. Williams, 529 U.S. at

412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this

petition will be dismissed, with prejudice. An appropriate Order and judgment shall issue.


Entered this 22nd day of February 2016.


Claude M. Hilton
United States District Judge

Alexandria, Virginia

17